IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PET ECOLOGY BRANDS, INC. | § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-11-CV-1399-BD |
| CENTRAL GARDEN & PET CO., ET AL. | § § § § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Defendants Central Garden & Pet Company ("CG&P"), BBAC VII, Inc. ("BBAC"), and William E. Brown ("Brown") have filed a second Rule 12(b)(6) motion to dismiss plaintiff's claims for breach of contract, breach of fiduciary duty, fraud, negligent misrepresentation, and usury in this civil action arising out of failed negotiations between the parties for the recapitalization and financing of Pet Ecology Brands, Inc. ("PEB"). Alternatively, defendants seek an order requiring plaintiff to provide a more definite statement with respect to its fraud claim.

Without suggesting a view of whether dismissal may be proper in another procedural context, such as a motion for summary judgment, the court determines that plaintiff has alleged sufficient facts in its complaint to state a claim for breach of contract, breach of fiduciary duty, fraud, and negligent misrepresentation. The facts supporting these claims, when viewed in the light most favorable to plaintiff, are "enough . . . to state a claim for relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Although cases involving fraud are subject to a heightened pleading standard, the court determines that plaintiff has pled the circumstances

constituting fraud with enough particularity to survive dismissal at the pleading stage. *See* FED. R. CIV. P. 9(b); *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir.), *cert. denied*, 118 S.Ct. 412 (1997). The fraud allegations are not "so vague and ambiguous" that defendants cannot reasonably prepare a response. *See* FED. R. CIV. P. 12(e). Any additional facts regarding plaintiff's fraud claim can be obtained through discovery.

The court reaches a different conclusion with respect to plaintiff's usury claim. In support of this claim, plaintiff alleges that BBAC, a CG&P affiliate, spent only $376,00 to gain control of approximately $1.2 million of PEB debt, and advanced another $150,000 to PEB for working capital, but demanded repayment of $1,267,000 after the transaction failed to close. (*See* Plf. Compl. at 19, ¶ 54). According to plaintiff, the difference between the funds expended by CG&P, through BBAC, which totaled $526,000, and the $1,267,000 demanded, or $741,000, included "interest" far in excess of the amount allowed under Texas law. (*Id.*). However, the usurious nature of a contract is determined at the time of its inception. *See Sturm v. Muens*, 224 S.W.3d 758, 761 n.4 (Tex. App. -- Houston [14th Dist.] 2007, no pet.), *citing In re Worldwide Trucks, Inc.*, 948 F.2d 976, 983 (5th Cir. 1991). Plaintiff does not allege that any of the liabilities purchased by BBAC were originally usurious, nor is there any allegation of a new, potentially usurious loan between the parties. Under these circumstances, there is no usury as a matter of law. *See FDIC v. Lattimore Land Corp.* 656 F.2d 139, 148-49 & n.17 (5th Cir. 1981) (non-usurious note does not become usurious merely by changing hands); *Nazareth Int'l, Inc. v. J.C. Penney Co., Inc.*, 287 S.W.3d 452, 459 (Tex. App. -- Dallas 2009, pet. denied) (absence of loan between parties defeats usury claim). To the extent plaintiff claims that CG&P is asking a usurious return for its $150,000 advance of working capital, the facts alleged by plaintiff do not support such an argument. Moreover, the usury laws do not apply to an advance of working capital -- only to a loan of money. *See Maloney v. Andrews*, 483

S.W.2d 703, 705 (Tex. Civ. App. -- Eastland 1972, writ ref'd n.r.e.), *citing Campbell v. Oskey*, 239 S.W. 332, 334 (Tex. Civ. App. -- El Paso 1922, no writ).

For these reasons, defendants' second motion to dismiss or, in the alternative, for more definite statement [Doc. #12] is granted in part and denied in part. The motion is granted with respect to plaintiff's usury claim. That claim is dismissed with prejudice. In all other respects, the motion is denied.

SO ORDERED.

DATED:   October 7, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE